# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMAR EVERETTE**
        **Petitioner,**

    v.                                      **Case No. 08-C-0541**
                                              **(Criminal Case No. 07-CR-139)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER

Petitioner Lamar Everette filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence for bank robbery, 18 U.S.C. § 2113(a) & (d), and use of a firearm during a crime of violence, 18 U.S.C. § 924(c). I denied the motion on Rule 4 screening and dismissed the § 2255 action. Petitioner has now filed a motion seeking copies of his sentencing transcript, the docket sheet and all motions filed in the district court. He indicates that he needs these materials to file a motion for a certificate of appealability.

Petitioner relies on 28 U.S.C. § 753(f), which allows an indigent litigant to obtain the preparation of free transcripts to prosecute a § 2255 action "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." Because petitioner's § 2255 motion lacked merit – and because petitioner provides no basis for finding that the transcript is necessary to decide any issues in this matter – his request for transcript preparation must be denied.

As to petitioner's other requests, under 28 U.S.C. § 753(b) an indigent prisoner may obtain free copies of documents in the court's file if he shows that he has exhausted other

means of access.[1]  See, e.g., United States v. Tolliver, No. 04-CR-40014, 2007 WL 611236, at *2 (S.D. Ill. Feb. 26, 2007) (citing United States v. Wilkinson, 618 F.2d 1215, 1218-19 (7th Cir. 1980); Rush v. United States, 559 F.2d 455, 459 (7th Cir. 1977); United States v. Groce, 838 F. Supp. 411, 413-14 (E.D. Wis. 1993)).  Petitioner states that he has not been able to obtain the requested materials, so I will direct the clerk to send petitioner a copy of the docket sheet in Case No. 07-CR-139 and any motion in the underlying case contained in the court's public record.

**THEREFORE, IT IS ORDERED** that petitioner's motion is **GRANTED** in part and **DENIED** in part, as stated herein.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] Section 753(b) provides, in pertinent part, that the clerk of court shall make the original record available for inspection by any person without charge during office hours.  Because pro se prisoners may not visit the clerk's office for such inspection, they may instead be provided free copies of materials in the file.  Because the sentencing transcript petitioner seeks in the instant motion is not in the court file, he may not obtain access to it pursuant to § 753(b).

2